EJ-130

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number and address):
Mohammed K. Ghods (S.B. #144616)
Bailey Law Group, PC
2100 N. Broadway, 3rd Floor
Santa Ana, CA 92702-0838
TELEPHONE NO.: (714)558-8580  FAX NO. (Optional): 714.558.8579
E-MAIL ADDRESS (Optional): mghods@baileylawgroup.com
ATTORNEY FOR (Name): Plaintiff CHENG HSU

[✓] ATTORNEY FOR  [✓] JUDGMENT CREDITOR  [ ] ASSIGNEE OF RECORD

**U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**
STREET ADDRESS: 280 S. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Northern District of California

PLAINTIFF: CHENG HSU

DEFENDANT: PBIG Management Company, Inc., et al.

**WRIT OF**
[✓] EXECUTION (Money Judgment)
[ ] POSSESSION OF  [ ] Personal Property
                   [ ] Real Property
[ ] SALE

CASE NUMBER: C97-20938 RMW

1. To the Sheriff or Marshal of the County of: SANTA CLARA
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.
2. **To any registered process server:** You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.
3. (Name): CHENG HSU
   is the [XX] judgment creditor [ ] assignee of record   whose address is shown on this form above the court's name.

4. **Judgment debtor** (name and last known address):
   ┌─────────────────────────────────┐
   │ PBIG Management Company, Inc.   │
   │ 2784 Homestead Rd. #140         │
   │ Santa Clara, CA 95051           │
   │                                 │
   │ Ken Huang                       │
   │ 2784 Homestead Rd. #140         │
   │ Santa Clara, CA 95051           │
   └─────────────────────────────────┘
   [XX] Additional judgment debtors on next page

5. **Judgment entered** on (date): May 23, 2005
6. [ ] **Judgment renewed** on (dates):

7. **Notice of sale** under this writ
   a. [ ] has not been requested.
   b. [ ] has been requested (see next page).
8. [ ] Joint debtor information on next page.
   [SEAL]

9.  [ ] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. [ ] This writ is issued on a sister-state judgment.
11. Total judgment .................... $ 50,750.00
12. Costs after judgment (per filed order or memo CCP 685.090) ........... $ 190.10
13. Subtotal (add 11 and 12) .......... $ 50,940.10
14. Credits ........................... $
15. Subtotal (subtract 14 from 13) .... $ 50,940.10
16. Interest after judgment (per filed affidavit CCP 685.050) (not on GC 6103.5 fees)... $ 79,762.22
17. Fee for issuance of writ ........... $
18. **Total** (add 15, 16, and 17) ..... $ 130,702.32
19. Levying officer:
    (a) Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) of ....... $
    (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68511.3; CCP 699.520(i)) ........... $
20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor in Attachment 20.

Issued on (date): MAR 25 2009    Clerk, by DIANE MIYASHIRO, Deputy

RICHARD W. WIEKING

NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2006]

**WRIT OF EXECUTION**

American LegalNet, Inc.
www.USCourtForms.com

Code of Civil Procedure, §§ 699.520, 712.010.
Government Code, § 6103.5
www.courtinfo.ca.gov

| | | EJ-130 |
|---|---|---|
| PLAINTIFF: CHENG HSU | CASE NUMBER: | |
| DEFENDANT: PBIG Management Company, Inc., et al. | C97-20938 RMW | |

— Items continued from page 1—

21. ☐ **Additional judgment debtor** *(name and last known address)*:

   David Wu
   175 Forest Park Drive
   Santa Clara, CA 95051
   (408) 716-8078

22. ☐ **Notice of sale** has been requested by *(name and address)*:

23. ☐ **Joint debtor** was declared bound by the judgment (CCP 989–994)
   a. on *(date)*:
   b. name and address of joint debtor:

   a. on *(date)*:
   b. name and address of joint debtor:

   c. ☐ additional costs against certain joint debtors *(itemize)*:

24. ☐ *(Writ of Possession* or *Writ of Sale)* **Judgment** was entered for the following:
   a. ☐ Possession of real property: The complaint was filed on *(date)*:
      *(Check (1) or (2)):*
      (1) ☐ The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46.
         The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
      (2) ☐ The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.
         (a) $            was the daily rental value on the date the complaint was filed.
         (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify)*:
   b. ☐ Possession of personal property.
      ☐ If delivery cannot be had, then for the value *(itemize in 9e)* specified in the judgment or supplemental order.
   c. ☐ Sale of personal property.
   d. ☐ Sale of real property.
   e. Description of property:

---

**NOTICE TO PERSON SERVED**
WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (Form EJ-150).
WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will make a demand upon you for the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.
WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.
► *A Claim of Right to Possession form accompanies this writ (unless the Summons was served in compliance with CCP 415.46).*

EJ-130 [Rev. January 1, 2006] **WRIT OF EXECUTION** Page 2 of 2

Mohammed K. Ghods, SBN 144616
BAILEY LAW GROUP, P.C.
2100 N. Broadway, 3rd Floor
Santa Ana, CA 92706-2624
Telephone:    (714) 558-8580
Facsimile:    (714) 558-8579

*Attorneys for Plaintiff*
*CHENG HSU*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHENG HSU,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>PBIG MANAGEMENT COMPANY, INC., a California corporation; KEN HUANG, an individual; DAVID WU, an individual,<br><br>　　　　　　Defendants. | Case No. C97-02938 RMW<br><br>**DECLARATION IN SUPPORT OF WRIT OF EXECUTION** |

I, Mohammed K. Ghods, declare as follows:

I am the attorney for Cheng Hsu in this action. On May 23, 2005, judgment was entered in favor of Cheng Hsu and against PBIG Management Company, Ken Huang and David Wu concerning his investment in PBIG-SCI Partners, LP. in the amount of $50,750.00. No payments have been made on account of said judgment. Pursuant to said judgment, interest was to be accrued pre-judgment from the date of investment as well as post-judgment. Interest was accrued at the legal rate of seven percent (7%) from date of investment (July 1997) until 2003, and then at ten percent (10%) thereon.

Interest was calculated pursuant to Order of the Court, compounded yearly, and has now

- 1 -

accrued to total $79,762.22. Added to this is $190.10 of appellate costs awarded to Cheng Hsu. The total now owing is $130,702.32.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct and that this Declaration was executed on this 2nd day of February, 2009, at Santa Ana, California.

_____
MOHAMMED K. GHODS

**FILED**

MAY 2 3 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHENG HSU,<br><br>Plaintiff,<br><br>v.<br><br>PBIG MANAGEMENT COMPANY INC.;<br>KEN HUANG; DAVID WU;<br>GLOBALTEL RESOURCES INC.; et al.,<br><br>Defendants. | NO. C-97-20938 RMW<br><br>JUDGMENT FOR RESCISSION AND RESTITUTION |

On April 29, 2004 the court issued its Findings of Fact and Conclusions of Law on plaintiff Cheng Hsu's claims for rescission and restitution for the alleged sale of securities in violation of the Federal Securities Act of 1933 and California Corporations Code. On May 11, 2005 the court dismissed plaintiff's remaining claims. Therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that upon tender of his shares in PBIG-GTR Partners, Ltd., PBIG-WLJ Partners, Ltd., PBIG-RDI Partners, Ltd. and PBIG-SCI Partners, Ltd., plaintiff is entitled to recover from PBIG Management Company Inc., Ken Huang and David Wu the money he invested in each of those limited partnerships,

JUDGMENT
NO C-97-20938 RMW

1

1  plus pre-judgment interest from the date of each investment. The amounts of the investments
2  are:

| | |
|---|---|
| PBIG-GTR Partners, L.P. | $230,800 |
| PBIG-WLI Partners, L.P. | $150,800 |
| PBIG-RDI Partners, L.P. | $100,000 |
| PBIG-SCI Partners, L.P. | $50,750 |

7  Plaintiff is also entitled to costs of suit.

9  DATED: 5/12/05

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

JUDGMENT
NO. C-97-20938 RMW

2

1  A copy of this Judgment was mailed to:

2  Counsel for Defendants:

3  Mattaniah Eytan
   Law Offices of Mattaniah Eytan
4  601 Montgomery Street, Suite 1150
   San Francisco, CA 94111
5

6  Counsel for Plaintiff:

7  Mohammed K. Ghods
   Ghods Law Firm
8  615 Civic Center Drive West
   Suite 203
9  Santa Ana, CA 92701

10 William H. Russell
   4 West Fourth Avenue
11 Suite 504
   San Mateo, CA 94402
12

13 Dated: 5/23/05

   _____
   Chambers of Judge Whyte
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JUDGMENT
NO C-97-20938 RMW

3

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

SEP 24 2008

MOLLY C. DWYER, CLERK OF COURT
U.S. COURT OF APPEALS

CHENG HSU,
    Plaintiff - Appellee,
V.

PBIG MANAGEMENT COMPANY INC., a California corporation; KEN HUANG, an individual; DAIVD WU, an individual,
    Defendants - Appellants,

and

GLOBALTEL RESOURCES INC., a corporation; WIRELESS LOGIC INTERNATIONAL INC., a corporation; SUNNY COMM. INC., a corporation; RETINAL DISPLAYS INC., a corportion; TELEMAX COMMUNICATION CORP., a corporation,
    Defendants.

No. 05-16608
D.C. No. CV-97-20938-RMW
Northern District of California,
San Jose

**MANDATE**

The judgment of this Court, entered 08/18/08, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure. Cost awarded to Appellee, Cheng Hsu, in the amount of $190.10.

FOR THE COURT:

Molly C. Dwyer
Clerk of Court

By: Rhonda Roberts
Deputy Clerk